1  V. James DeSimone (SBN 119668)
   Michael D. Seplow (SBN 150183)
2  Aidan C. McGlaze (SBN 277270)
   SCHONBRUN DeSIMONE SEPLOW
3  HARRIS & HOFFMAN LLP
   723 Ocean Front Walk
4  Venice, CA  90291
   Telephone:   (310) 396-0731
5  Facsimile:    (310) 399-7040

6  Thomas W. Falvey (SBN 65744)
   Michael H. Boyamian (SBN 256107)
7  Armand R. Kizirian (SBN 293992)
   LAW OFFICES OF THOMAS W. FALVEY
8  550 N. Brand Blvd., Suite 1500
   Glendale, CA 91203
9  Telephone:   (818) 547-5200
   Facsimile:    (818) 500-9307
10
   Hirad D. Dadgostar (SBN 241549)
11 Alireza Alivandivafa (SBN 255730)
   Azadeh C. Dadgostar (SBN 276072)
12 DADGOSTAR LAW LLP
   12400 Wilshire Boulevard, Fourth Floor
13 Los Angeles, CA  90025
   Telephone:   (310) 820-1022
14 Facsimile:    (310) 820-1088

15 Attorneys for Plaintiff Angil Sharobiem,
   Proposed Plaintiff Michael Yee
16 and Proposed Class

**FILED**
CLERK, U.S. DISTRICT COURT

OCT 9, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY:_____BH_____DEPUTY

17                **UNITED STATES DISTRICT COURT**

18                **CENTRAL DISTRICT OF CALIFORNIA**

19 ANGIL SHAROBIEM and MICHAEL
   YEE, Individually and on behalf of all      CASE NO. 2:13-cv-09426-GHK
20 others similarly situated,                   (FFM)

21              PLAINTIFFS,                     Hon. George H. King

22         v.                                   [~~PROPOSED~~] **FIRST AMENDED**
                                                **CLASS ACTION COMPLAINT**
23 CVS PHARMACY, INC., a Rhode                  **FOR DAMAGES AND DEMAND**
   Island corporation; CVS RX                   **FOR JURY TRIAL**
24 SERVICES, INC., a New York
   corporation; GARFIELD BEACH                  1.  **Failure to Pay Overtime**
25 CVS, LLC, a California limited                    **Compensation (Cal. Labor Code §**
   liability company; and DOES 1 thru               **1194);**
26 50, inclusive,
                                                2.  **Failure to Provide Accurate**
27              DEFENDANTS.                          **Itemized Wage Statements (Cal.**
                                                    **Labor Code**
28                                                  **§ 226);**

─────────────────────────────────────────────
**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.  **Waiting Time Penalties (Cal. Labor Code §§ 201-203;**

4.  **Conversion (Cal. Civil Code §§ 3336, 3294);**

5.  **Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*)**

6.  **Private Attorneys General Act of 2004 (Cal. Labor Code § 2698, *et seq.*)**

2

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

PLAINTIFF MICHAEL YEE ("PLAINTIFF")[1], as an individual, and on behalf of himself, all others similarly situated, and the general public, complains and alleges on information and belief the following against DEFENDANTS CVS PHARMACY, INC.; CVS RX SERVICES, INC.; GARFIELD BEACH CVS, LLC; and Does 1-50:

## INTRODUCTION

1.     This is a class action, under Federal Rules of Civil Procedure, Rule 23, arising out of the unlawful practice of DEFENDANTS CVS PHARMACY, INC., CVS RX SERVICES INC., GARFIELD BEACH CVS, LLC, and Does 1 through 50 (collectively, "DEFENDANTS")   of causing certain pharmacists in DEFENDANTS' Region 60 of the State of California to work for more than six consecutive days.  In addition, these pharmacists were properly classified as non-exempt employees, but were not paid proper overtime compensation for work on the seventh consecutive day (or any additional consecutive days thereafter) during the Class Period, which is defined as the time period beginning four years prior to the filing of this Complaint through the trial date.

## JURISDICTION AND VENUE

2.     The former plaintiff, Angil Sharobiem, ("Former Plaintiff Sharobiem") originally filed this action in Los Angeles County Superior Court on November 13, 2013.  On December 23, 2013, Defendants removed this case to this Court invoking subject matter jurisdiction pursuant to Title 28 United States Code section 1332(d) of the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. § 1441(a).

---

[1] This case was originally filed with Angil Sharobiem as the named Plaintiff. Pursuant to the Stipulation being lodged herewith, the parties seek, subject to Court approval, to substitute Michael Yee as the named Plaintiff in place and instead of Angil Sharobiem. However, for the sake of consistency, Ms. Sharobiem's name will remain in the caption of the case, even though the parties agree that Mr. Yee should be substituted into the case as the proposed named Plaintiff and Class Representative.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Specifically, while both PLAINTIFF and Former Plaintiff Sharobiem are citizens of the State of California, DEFENDANT CVS PHARMACY, INC., and DEFENDANT CVS RX SERVICES, INC. are citizens of the State of Rhode Island and the State of New York, respectively, thus fulfilling the minimal diversity requirement of 28 U.S.C. § 1332(d)(2).  Moreover, on information and belief, the class PLAINTIFF seeks to represent is composed of over 100 members, and over $5,000,000 is in controversy.  *See* 28 U.S.C. § 1332(d)(5)(B) and § 1332(d)(6).  Finally, none of the named defendants are States, State officials, or other governmental entities against whom a federal district court may be foreclosed from ordering relief upon.  *See* 28 U.S.C. § 1332(d)(5)(A).

3.     This Court has personal jurisdiction over DEFENDANTS because DEFENDANTS have caused injuries in the County of Los Angeles and State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq*.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1082 (C.D. Cal. 2003).

4.     Venue as to DEFENDANTS is proper in the Western Division of the Central District of California, pursuant to 28 U.S.C. § 84(c)(2), as this action was originally filed in the Los Angeles County Superior Court, BC526931.  Moreover, venue as to DEFENDANTS proper pursuant to 28 U.S.C. § 1391(b)(2) and 1391(c)(2) because DEFENDANTS either reside, maintain offices, transact business, and/or have agents in Los Angeles County.  The unlawful acts alleged herein have a direct effect on PLAINTIFF, those similarly situated, and the general public within the State of California and within Los Angeles County.

///

///

///

2

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

## THE PARTIES

5.     PLAINTIFF MICHAEL YEE ("PLAINTIFF") was formerly employed by DEFENDANTS as a pharmacist at DEFENDANTS' store in Carson, California (Store #8839) during the relevant Class Period.  Upon information and belief, Store #8839 is a store located within Region 60 of DEFENDANTS' California retail stores and operations.

6.     Defendant CVS RX SERVICES, INC. ("CVS RX") is a corporation organized under the laws of the State of New York and is engaged in the business of providing pharmacy services throughout the State of California.

7.     Defendant CVS PHARMACY, INC. ("CVS PHARMACY") is a corporation organized under the laws of the State of Rhode Island and is engaged in the business of operating retail stores that sell pharmaceuticals and general merchandise and provide pharmacy services throughout the State of California.

8.     Defendant GARFIELD BEACH CVS, LLC ("GARFIELD BEACH CVS" and collectively with Defendants CVS RX and CVS PHARMACY, "CVS") is a limited liability company organized under the laws of the State of California and is engaged in business as a pharmacy and medical supplier to CVS retail stores located throughout the State of California.

9.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to PLAINTIFF, who therefore sues those Defendants by such fictitious names under *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  PLAINTIFF is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein.  PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as Does when such identities become known.

3

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

10. DEFENDANTS, collectively, have absorbed multiple major drug stores present in California, including Sav-On in 2006 and Longs in 2009.

11. PLAINTIFF is informed and believes, and based thereon alleges, that each of the DEFENDANTS acted in all respects pertinent to this action as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT are legally attributable to the other DEFENDANTS.

12. PLAINTIFF is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. PLAINTIFF is informed and believes, and thereon alleges, that at all times material hereto DEFENDANTS were and are the agents of each other.

## CLASS ACTION ALLEGATIONS

13. PLAINTIFF brings this action on behalf of himself individually and all others similarly situated as a class action pursuant to the Federal Rules of Civil Procedure, Rule 23, on behalf of the class composed of and defined as follows (herein referred to as the "Class" and its putative members as the "Class Members"):

> All persons who are or were employed by
> DEFENDANTS as non-exempt pharmacists in
> DEFENDANTS' Region 60 in the State of California, and
> who worked more than six consecutive days of work at
> any time during the Class Period.

///

///

///

4

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

14.     This action has been brought and may properly be maintained as a class action under the Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable:

      a.    Numerosity:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not yet been determined, PLAINTIFF is informed and believes that DEFENDANTS employ 1,000 or more pharmacists in the State of California and that DEFENDANTS routinely cause a significant number of such pharmacists to work more than six consecutive days.

      b.    Commonality:  There are questions of law and fact common to PLAINTIFF and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include without limitation:

      (i)    Whether DEFENDANTS violated Wage Order Number 7-2001, section 3 and Labor Code sections 510 and 1194 by failing to pay overtime compensation, including failure to pay premium pay for all hours worked on the seventh consecutive day of work and any additional consecutive days of work thereafter, to Class Members who so worked and should have been entitled to such compensation under California law;

      (ii)    Whether DEFENDANTS violated Labor Code section 226 by failing to provide accurate itemized wage statements for all Class Members;

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

(iii)   Whether DEFENDANTS violated Labor Code sections 201 through 203 by willfully failing to pay Class Members all compensation due promptly upon the termination of the employment relationship;

(iv)   Whether DEFENDANTS unlawfully and intentionally took and converted the property of Class Members by refusing to pay Class Members all wages due; and

(v)   Whether DEFENDANTS violated Business and Professions Code sections 17200, *et seq*. by violating the labor laws and regulations noted herein.

c.   Typicality:  PLAINTIFF's wage and hour claims are typical of the claims of the Class.  PLAINTIFF and all Class Members sustained injuries arising out of actions or inactions of DEFENDANTS' common course of conduct in violation of law as alleged herein.

d.   Adequacy of Representation: PLAINTIFF is qualified to, and will fairly and adequately protect the interests of each Class Member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. PLAINTIFF has no interest that is adverse to the interests of the other Class Members.  PLAINTIFF acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any Class Member.  PLAINTIFF's attorneys and proposed Class counsel are versed in the rules governing class action discovery, certification, and settlement. PLAINTIFF has incurred, and during the pendency of this action, will continue to incur, costs and attorney fees, that have

6

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

e.    Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and common questions of law and fact affecting the Classes predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recover by reason of DEFENDANTS' illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  This is particularly true given the challenges facing the California Superior Court and the statewide reach of the DEFENDANTS.

f.    Public Policy Consideration:  California employers violate wage and hour laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers can damage their future endeavors through negative references and other means. California has a stated public policy in favor of class actions in this context for the vindication of employee rights and enforcement of the Labor Code.  Class actions provide the Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights.

///

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

## **FACTS COMMON TO ALL CAUSES OF ACTION**

15.    PLAINTIFF MICHAEL YEE is a pharmacist who worked for DEFENDANTS as pharmacist in DEFENDANTS' store in Carson, California (Store #8839) during the Class Period.  Upon information and belief, Store #8839 is located within the geographic territory identified by DEFENDANTS as Region 60.

16.    As a pharmacist-employee of CVS, PLAINTIFF was properly classified as a non-exempt employee.

17.    PLAINTIFF and other Class Members should be classified as "non-exempt" employees.  They are not engaged primarily in exempt duties nor do they perform work which requires the exercise of discretion and independent judgment as contemplated by the Wage Orders.  PLAINTIFF and other Class Members should not be classified as "independent contractors" exempt from the Wage Orders because they did not have the degree of independence and control over their time and direction as required of independent contractors.  PLAINTIFF and other Class Members should not be classified as inside or outside salespersons exempt from any part of the Wage Order because, typically, none of their wages come from commission.  DEFENDANTS concede this point by already paying and classifying all pharmacists as "non-exempt" employees.

18.    During his employment by DEFENDANTS as a pharmacist, PLAINTIFF was asked to work 7 or more days in a row during 7-day periods. However, DEFENDANTS have failed and refused to compensate PLAINTIFF properly for time qualifying for overtime compensation.

19.    During his employment by DEFENDANTS as a pharmacist, PLAINTIFF was asked to work more than six consecutive days in a row without a day's rest.  When made to work more than six consecutive days in a row without a day's rest, he was not paid premium pay.

///

8

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

### (Cal. Labor Code § 1194)

**By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS**

20.     As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

21.     DEFENDANTS routinely required PLAINTIFF and Class Members to work 7 or more days in a row without being paid one and a half times their regular hourly pay rate for each hour up to eight (8) hours per day on the seventh day in a row and beyond, and double time as to all hours over eight (8).

22.     DEFENDANTS failed to fully compensate PLAINTIFF and Class Members for all overtime wages they earned, in particular, by failing to compensate pharmacists who worked 7 or more days in a row the premium pay required under California law.

23.     PLAINTIFF is informed and believes, and thereon alleges that the failure of DEFENDANTS to fully compensate PLAINTIFF and Class Members for overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

24.     As a proximate cause of the aforementioned violations, PLAINTIFF and Class Members have been damaged in an amount according to proof at time of trial.  PLAINTIFF and Class Members are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code section 558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code §§ 1194, *et. seq*.

9

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

25.     WHEREFORE, PLAINTIFF requests relief as hereafter provided.

## SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Cal. Labor Code § 226)**

**By PLAINTIFF individually and on behalf of the Class against all**

**DEFENDANTS**

26.     As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

27.     California Labor Code section 226 requires all employers to provide accurate itemized wage statements to each employee for wages earned during that pay period.

28.     DEFENDANTS failed to provide PLAINTIFF and Class Members with accurate itemized wage statements as required by California Labor Code section 226.  In particular, by virtue of the foregoing policies and practices, DEFENDANTS knowingly and intentionally did not state on PLAINTIFF's and Class Members' payroll records the time that they had actually worked including the overtime that they had earned.

29.     PLAINTIFF is informed and believes, and based thereon alleges that DEFENDANTS knowingly and intentionally provided inaccurate payroll records in order to conceal their unlawful payment practices.  As a result, PLAINTIFF and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

exceeding an aggregate penalty of four thousand dollars ($4,000) per employee, and are entitled to an award of costs and reasonable attorney fees.

30.     WHEREFORE, PLAINTIFF requests relief as hereafter provided.

## THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Cal. Lab. Code §§ 201-203)

### By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS

31.     As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

32.     At the time of resignation or termination of PLAINTIFF and all other former employee class members, DEFENDANTS owed PLAINTIFF and all other former-employee Class Members wages that had not been paid to them when they became due.

33.     DEFENDANTS willfully failed to pay PLAINTIFF and all other former-employee Class Members all wages due and owing them immediately upon termination or resignation, or within 72 hours of resignation, in violation of California Labor Code sections 201 and 202.

34.     DEFENDANTS never tendered payment of all wages due and owing to PLAINTIFF or any other former-employee Class Members at any time.  Based on DEFENDANTS' conduct as alleged herein, PLAINTIFF and all other former-employee Class Members are entitled to recover waiting-time penalties at their daily rate of pay multiplied by the number of days the wages went unpaid, up to a maximum of 30 days in an amount to be proven at trial.

35.     WHEREFORE, PLAINTIFF requests relief as hereafter provided.

11

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

### FOURTH CAUSE OF ACTION

### CONVERSION

### (Cal. Civil Code §§ 3336, 3294)

### By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS

36.     As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

37.     As alleged above, DEFENDANTS wrongfully withheld earned wages which were the property of PLAINTIFF and Class Members, in violation of the rights of PLAINTIFF and Class Members.

38.     This property fully vested to PLAINTIFF and Class Members at the time the labor and services were provided to DEFENDANTS, and accordingly, is the property of PLAINTIFF and Class Members, not DEFENDANTS.

39.     DEFENDANTS converted PLAINTIFF's and Class Members' property to DEFENDANTS' own use and benefit.

40.     PLAINTIFF and Class Members have been injured by DEFENDANTS' intentional conversion of their property.  PLAINTIFF and Class Members are entitled to immediate possession of all amounts converted by DEFENDANTS, with interest, as well as any and all profits that DEFENDANTS acquired by this unlawful conversion.

41.     DEFENDANTS' actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by DEFENDANTS, and each of them, from PLAINTIFF and Class Members as hereinbefore alleged.  PLAINTIFF and Class Members have been injured by DEFENDANTS' oppressive, malicious,

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

intentional and fraudulent actions, entitling PLAINTIFF and Class Members to punitive and exemplary damages.

42.     WHEREFORE, PLAINTIFF requests relief as hereafter provided.

## FIFTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)
### By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS

43.     As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

44.     The Unfair Competition Law, Business & Professions Code sections 17200 *et seq.*, defines unfair competition to include any "unfair," "unlawful" or "deceptive" business practice, and provides for injunctive and restitutionary relief for violations.

45.     DEFENDANTS have committed numerous unfair, unlawful, or deceptive business practices including but not limited to: (1) failing to compensate PLAINTIFF and other non-exempt pharmacists properly for overtime wages earned where PLAINTIFF and other non-exempt pharmacists worked 7 or more days in a row in any 7 day period; (2) permitting, encouraging, and/or requiring PLAINTIFF and other non-exempt pharmacists to work 7 or more days in a row without paying them premium compensation as required by California's laws and regulations, particularly by failing to pay compensation properly for hours worked on the seventh day in a row worked or beyond; (3) willfully failing to pay PLAINTIFF and other non-exempt pharmacists all compensation due promptly upon the

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

termination of their employment relationships with DEFENDANTS; and (4) knowingly and intentionally providing inaccurate payroll records to PLAINTIFF and other non-exempt pharmacists.

46.    The actions of DEFENDANTS detailed herein against PLAINTIFF and Class Members constitute unfair, unlawful and deceptive business practices, and further, constitute actions for which restitutionary relief is available.

47.    As a proximate result of DEFENDANTS' actions, PLAINTIFF has suffered injury in fact and lost money or property.

48.    Under Business and Professions Code sections 17200, *et seq.*, PLAINTIFF and other current and former aggrieved employees of DEFENDANTS are entitled to restitution of all funds, which lawfully should have been paid as wages and/or overtime to any and all current or former employees and wrongfully withheld by DEFENDANTS, for the last four years, together with interest thereon.

49.    Under Business and Professions Code sections 17200, *et seq.*, PLAINTIFF and other current and former aggrieved employees of DEFENDANTS are entitled to restitution of all funds which should have been paid as premium wages, civil penalties, or other penalties to any and all current or former employees for the last four years, as well as costs and reasonable attorneys' fees pursuant to statute.

50.    WHEREFORE, PLAINTIFF requests relief as hereafter provided.

///

///

///

///

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

# SIXTH CAUSE OF ACTION

## PRIVATE ATTORNEY GENERAL ACT

### (Labor Code §2698, *et seq*.)

### By PLAINTIFF individually and on behalf of the Class against all DEFENDANTS

51.     As a separate and distinct cause of action, PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, all the allegations contained in the preceding paragraphs of this Complaint, excepting those allegations which are inconsistent with this cause of action.

52.     PLAINTIFF is an aggrieved employee as defined in Labor Code § 2699(a).  He brings this cause of action on behalf of himself and other current or former employees affected by the labor law violations alleged in this complaint.

53.     DEFENDANTS, at all times relevant to this complaint, were employers or persons acting on behalf of an employer who violated PLAINTIFF's rights by violating California labor laws regulating payment of wages and/or the hours and days of work, and are subject to civil penalties as set forth above.

54.     DEFENDANTS committed the following violations of the California Labor Code against PLAINTIFF, and, on information and belief, against other current or former employees while they were employed by DEFENDANTS:

a.     DEFENDANTS violated Labor Code §§ 201-202 by failing to pay Proposed Class Members, including PLAINTLFF, all wages due on the date of the employee's involuntary termination or within 72 hours of the employee's voluntary termination.

b.     DEFENDANTS violated Labor Code § 204 by failing to pay all wages due, to Proposed Class Members, including PLAINTIFF, at least twice during each calendar month, in compliance with those provisions.

///

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

1

2

3     c.     DEFENDANTS violated Labor Code § 226 by failing to provide

4     accurate itemized wage statements to Proposed Class Members, including

PLAINTIFF.

5     d.     DEFENDANTS violated Labor Code § 510 and provisions of

6     IWC Wage Order 7-2001 by failing to compensate Proposed Class Members,

7     including PLAINTIFF, at one and one-halftimes the regular rate of pay for any

8     work in excess of 8 hours/day and 40 hours/week.

9     e.     DEFENDANTS violated Labor Code §§ 510 and 552 by

10    requiring or causing Proposed Class Members, including PLAINTIFF, to work for

11    longer hours than those fixed or under conditions of labor prohibited by IWC Wage

12    Order 7-2001, by paying Proposed Class Members, including PLAINTIFF, a wage

13    less than the minimum fixed by IWC Wage Order 7-2001 or by violating or

14    refusing or neglecting to comply with the provisions of Labor Code, Division 2,

15    Part 4, Chapter 1 or IWC Wage Order 7-2001.

16    f.     DEFENDANTS violated Labor Code §§ 851 and 852 by

17    requiring or causing Proposed Class Members, including PLAINTIFF, to work for

18    longer hours than those fixed or otherwise permitted by the Labor Code and

19    without providing Proposed Class Members, including PLAINTIFF, with one

20    complete day of rest every week.

21    55.    Former Plaintiff Sharobiem, individually and on behalf of all others

22    similarly situated, provided written notice on or about September 26, 2013 by

23    certified mail to the LWDA and to DEFENDANTS of the specific violations of the

24    California Labor Code DEFENDANTS have violated and continue to violate.

25    Attached as Exhibit 1 is a true and correct copy of the letter sent to the LWDA and

26    DEFENDANTS.

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

56.     PLAINTIFF has permitted 33 calendar days to transpire from the postmark of Former Plaintiff Sharobiem's notice without having received notice from the LWDA advising whether or not the agency intended to investigate the alleged claims. During this time, DEFENDANTS have failed to provide notice that the alleged violations have been cured.  Therefore, PLAINTIFF is entitled to continue this civil action commenced by Former Plaintiff Sharobiem in her stead, pursuant to Labor Code § 2699.

57.     By virtue of his succession of Former Plaintiff Sharobiem, PLAINTIFF and all aggrieved persons have therefore exhausted all administrative procedures required of them under Labor Code §§ 2698, 2699 and 2699.3, and as a result, are justified as a matter of right in bringing forward this cause of action.

58.     Pursuant to Labor Code § 2699(a) PLAINTIFF seeks to recover civil penalties, as otherwise provided by statute, for which Defendants are liable as a result of their violations of the California Labor Code and provisions of the applicable Industrial Wage Orders as follows:

a.      For violations of Labor Code §§ 201-202 and 204, penalties under Labor Code § 210: for an initial violation, one hundred dollars ($100) for each failure to pay each employee; for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld.

b.      For violations of Labor Code § 226, a civil penalty under Labor Code § 226.3 in the amount of $250 per employee per violation in the initial citation and $1,000 per employee for each violation in a subsequent citation.

c.      For violations of Labor Code §§ 510 and 552, and provisions of IWC Wage Order 7-2001 relating to hours and days of work, penalties under Labor Code § 558 in the amount of $50 for each underpaid employee for each pay period,

17

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

$100 for each subsequent violation, in addition to an amount sufficient to recover underpaid wages.

d.      For violations of Labor Code §§ 851 and 852 relating to hours and days of work, penalties under Labor Code § 853 in the amount of $40 nor more than $100 or by imprisonment for not exceeding 60 days, or both.

e.      For violations of Labor Code § 1174, civil penalties under Labor Code § 1174.5.

f.      For violations of Labor Code § 1194 and provisions of IWC Wage Order 7-2001 relating to payment of the legal minimum wage, penalties under Labor Code § 1197.1 in the amount of $100 for each underpaid employee for each pay period, $250 for each subsequent violation.

g.      For violations of Labor Code § 1199, provisions of IWC Wage Order 7-2001 relating to conditions of labor and payment of the legal minimum wage, or the violation of refusal or neglect to comply with the provisions of Labor Code Division 2, Part 4, Chapter I or IWC Wage Order 7-2001, penalties under Labor Code § 1199 in an amount not less than $100.

59.     Pursuant to PAGA, PLAINTIFF should be awarded twenty-five percent (25%) of all penalties due under California law, including attorneys' fees and costs.

60.     WHEREFORE, PLAINTIFF requests relief as hereafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment against all DEFENDANTS, jointly and severally, as follows:

1.      For an order determining that this action may be maintained as a class action under the Federal Rules of Civil Procedure, Rule 23;

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

2. For an order appointing PLAINTIFF as the representative of the Class as indicated and defined herein;

3. For an order appointing counsel for PLAINTIFF as Class counsel;

4. For general and compensatory damages according to proof;

5. For restitution of all monies due to PLAINTIFF and the Class from the unlawful business practices;

6. For exemplary and punitive damages due to PLAINTIFF and the Class due to the unlawful conversion;

7. For interest accrued to date;

8. For costs of the suit incurred;

9. For civil penalties pursuant to California Labor Code § 2699(a);

10. That the Sixth Cause of Action (PAGA) be maintained as a representative action;

11. For disgorgement of profits garnered as a result of DEFENDANTS' unlawful failure to pay wages, including overtime wages earned;

12. For attorneys' fees and costs pursuant to statute and all other applicable law; and

13. For such other and further relief as this Court may deem appropriate.


Dated:          October 1, 2015          Respectfully submitted,

LAW OFFICES OF THOMAS W. FALVEY

SCHONBRUN, DeSIMONE, SEPLOW, HARRIS & HOFFMAN LLP

DADGOSTAR LAW LLP


By: /s/ _____
          Michael D. Seplow

Attorneys for PLAINTIFF and Proposed Classes

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2

PLAINTIFF and Class Members hereby demand a trial by jury on all issues

3

so triable.

4

Dated:      October 1, 2015      Respectfully submitted,

5

LAW OFFICES OF THOMAS W. FALVEY

6

SCHONBRUN, DeSIMONE, SEPLOW,
HARRIS & HOFFMAN LLP

7

8

DADGOSTAR LAW LLP

9

10

By: /s/ _____

11

Michael D. Seplow

Attorneys for PLAINTIFF and Proposed Classes

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# Exhibit 1

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, CA 90291
(310) 396-0731   (310) 399-7040 (fax)
www.sdshh.com

Benjamin Schonbrun
V. James DeSimone
Michael D. Seplow
Wilmer J. Harris
Paul L. Hoffman
Amber E. Phillips
Erin M. Pulaski
Catherine E. Sweetser
Aidan C. McGlaze
Shayla R. Myers
Kunti Dudakia

Of Counsel
Erwin Chemerinsky
*Illinois and Dist. Columbia
Adrienne Quarry
John Raphling

Pasadena Office
715 Fremont Avenue
Suite A
South Pasadena, CA 91030
(626) 441-4129
(626) 283-5770 (fax)

September 26, 2013

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Labor and Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

> **Re:**   *Angil Sharobiem's Notice of PAGA Claims Pursuant to Labor Code § 2699.3*

To Whom It May Concern:

We represent Ms. Angil Sharobiem with respect to claims on behalf of herself and other similarly situated persons in the State of California who are or were employed as pharmacists by CVS Pharmacy, Inc., a Rhode Island corporation; CVS RX Services, Inc., a New York corporation; and/or Garfield Beach CVS, LLC, a California limited liability company (collectively, "CVS").[1]   The purpose of this letter is to satisfy the notice requirements of Labor Code § 2699.3(a).   Below we set forth the facts and theories which we believe support our contention that CVS has violated and continues to violate various provisions of California law throughout the State.

**FACTS & THEORIES ABOUT THE CASE**

Our investigation has revealed that CVS has regularly violated California's labor laws. In order to protect the public health, the California Labor Code ("Labor Code") expressly requires employers to provide retail pharmacists with one complete day of rest every week.   The only exceptions are for hospitals employing only one pharmacist, which does not apply to CVS, and in an emergency, which is defined as "accident, death, sickness or epidemic."   Without any such emergency, and in complete disregard of the law, CVS regularly required Ms. Sharobiem (a

---

[1] The registered agent for the CVS entities named above in California is CT Corporation, 818 W 7th Street, Los Angeles, CA 90017.

Labor and Workforce Development Agency
September 26, 2013
Page 2 of 2

former CVS pharmacist) and others to work as retail pharmacists for seven consecutive days, thus endangering the public health for its own pecuniary gain.

CVS also failed to pay overtime premium pay in violation of the Labor Code and Industrial Welfare Commission ("IWC") Wage Orders.  The first 8 hours of work on the seventh consecutive day are to be paid at 1.5 times the straight-time rate, and every hour thereafter is to be paid at a "double-time" rate.  CVS engaged in wage theft by paying pharmacists, including Ms. Sharobiem, only straight time for the first 8 hours of work on the seventh consecutive day.

Because Ms. Sharobiem and other similarly situated current and former CVS pharmacists were not fully compensated for all hours worked, CVS also failed to provide accurate wage statements in violation of Labor Code Section 226, and failed to fully compensate former employees in a timely manner when their employment ended, in violation of Labor Code Section 201 *et. seq.*

We believe CVS violated, and continues to violate, numerous provisions of California law, including without limitation Labor Code Sections 201- 204, 225.5, 226, 510, 552, 851, 852, and 1194, as well as the relevant IWC Wage Orders and regulations, and that Ms. Sharobiem and other similarly situated current and former aggrieved CVS employees throughout the State of California are entitled to bring a civil action to recover all available penalties under the Private Attorneys General Act of 2004, Labor Code Section 2698 *et seq.*

We respectfully request that the Labor Workforce Development Agency notify this office within thirty (30) days if it wishes to investigate this matter further. Should you have any questions or concerns or require additional information, please do not hesitate to contact the undersigned.

Sincerely,

LAW OFFICES OF THOMAS W. FALVEY

SCHONBRUN DE SIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP

DADGOSTAR LAW LLP

Aidan C. McGlaze

cc:     CVS Pharmacy, Inc., *via Certified Mail, Return Receipt Requested*
        CVS RX Services, Inc., *via Certified Mail, Return Receipt Requested*
        Garfield Beach CVS, LLC, *via Certified Mail, Return Receipt Requested*
          *All c/o C T Corporation System, 818 West Seventh Street, Los Angeles, CA 90017*