JS - 6

**FILED**
CLERK, U.S. DISTRICT COURT

APR 11, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ____BH____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIL SHAROBIEM, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> CVS PHARMACY, INC. *et al.*, <br><br> Defendants. | CASE NO. CV 13-9426-GHK (FFMx) <br><br> **JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING FEES, COSTS, AND REPRESENTATIVE ENHANCEMENT AWARD** |

Plaintiff Michael Yee ("Plaintiff") and Defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC ("Defendants") have reached a settlement for a putative class action.

On December 1, 2015, this Court (1) certified a class for settlement purposes, (2) preliminarily approved the terms of the proposed class action settlement, and (3) authorized notice to the Settlement Class of the terms of the proposed settlement. Having completed the process of providing notice to the Settlement Class, and no objectors having come forward, Plaintiff moves for final approval of a class action settlement of the claims asserted against Defendants in this action, memorialized in the Settlement Agreement. Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless indicated otherwise.

After reviewing the Settlement Agreement, Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Plaintiff's Motion for Attorneys' Fees and Costs, Settlement Administrator Costs, and Enhancement Award, and other related documents, and having heard the argument of Counsel for the respective Parties, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court has jurisdiction over the Parties to this action, including all members of the Settlement Class as defined in the Settlement Agreement.

2. The Court finds, for purposes of settlement only, that the proposed Settlement Class satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23. The requirements of Rule 23(a) are satisfied because the Settlement Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Settlement Class, the claims of Plaintiff are typical of the claims of the Settlement Class, and Plaintiff will fairly and adequately protect the interests of the Settlement Class. The requirements of Rule 23(b)(3) are satisfied because questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members, and

the class action device is superior to other available methods for fairly and efficiently adjudicating this controversy.

3. The Court hereby grants final approval of the Settlement Agreement as it meets the criteria for final settlement approval. The Settlement is fair, adequate, and reasonable; appears to be the product of arm's-length and informed negotiations; and treats all Settlement Class Members fairly.

4. The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members, after first processing such addresses through the U.S. Postal Service change-of-address database. Follow-up efforts were made to send the Notice to those individuals whose original Notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for service payments to the Class Representative, and Class Counsel's request for an award of attorneys' fees and costs.

5. The Court has determined that the Notice given to the Settlement Class fully and accurately informed the Settlement Class of all material elements of the proposed Settlement, constituted the best practicable notice to all members of the Plaintiff Settlement Class, and fully meets the requirements of Federal Rule of Civil Procedure 23 and all applicable constitutional requirements.

6. The Court hereby orders that Settlement Class Members who did not timely exclude themselves from the Settlement have released all claims or causes of action settled under the terms of the Settlement Agreement. These Settlement Class Members are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively, or in any other capacity, that are released by the Settlement Agreement.

7. Having received no objections, and the time for submitting such objections having passed, the Court finds that no valid objections have been submitted and no

objections will be considered by the Court.  Settlement Class Members who did not timely object to the Settlement set forth in the Settlement Agreement are barred from prosecuting or pursuing any appeal of this Order.

8. Having received three requests for exclusion from the Settlement, the Court finds that Yoonah Kim, Jiyoung Kim, and Anh Dao Nguyen are not bound by the terms of the Settlement Agreement.

9. The Settlement embodied in the Settlement Agreement is not an admission by Defendants nor is this Order a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendants.  Neither this Order, the Settlement Agreement, any document referred to herein, nor any action taken to carry out the terms of the Settlement Agreement may be construed as, or may be used as, an admission by or against Defendants of any fault, wrongdoing, or liability whatsoever.

10. The Gross Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in the Renewed Motion for Preliminary Approval of Class Action Settlement, granted on December 1, 2015.

11. The Court awards Class Representative Michael Yee an enhancement award of $5,000 as fair and reasonable compensation for his services.

12. The Court hereby directs payment of up to $14,613.05 to the Settlement Administrator, Kurtzman Carson Consultants LLC, or, in the event that there will be a second distribution to Settlement Class Members from unclaimed funds, if any, payment of an additional $8,072.93 to the Settlement Administrator.

13. The Court approves payment to the California Labor and Workforce Development Agency in the amount of $6,900, paid from the Gross Settlement Fund, pursuant to the Settlement Agreement.

14. Plaintiff's application for attorneys' fees in the amount of $979,200 and reimbursement of litigation costs in the amount of $16,258.48 is granted as follows. Upon consideration of the relevant factors, the Court grants an award of attorneys' fees in

the amount of $881,280, representing 30% of the Gross Settlement Fund. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). The Court grants $16,258.48 in litigation costs.

15. The Court approves the *cy pres* beneficiary agreed to by the Parties, the Legal Aid Foundation of Los Angeles ("LAFLA"), provided that any funds be directed to LAFLA's "Employment & Employment Barriers" section. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865-66 (9th Cir. 2013).

16. The Court finds that no just reason exists for delay in entering this Judgment and Final Approval Order. Accordingly, the Clerk is hereby directed to enter this Order as a Final Judgment. This Order shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 58 of the Federal Rules of Civil Procedure.

17. The Court hereby orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing, enforcing, and/or administering the Settlement or enforcing the terms of the Judgment.

Immediately upon entry of this Judgment and Final Approval Order, the First Amended Complaint in this Action shall be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: April 11, 2016

_____
GEORGE H. KING
Chief United States District Judge